(INND Rev. 1/21)

-FILED-

MAY 15 2023

At _____ M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

[This form is for non-prisoners to file a civil complaint. _NEATLY_ print in ink (or type) your answers.]

KATHY BROWNE
_____

[You are the **PLAINTIFF**, print your full name on this line.]

v.

ANDREA CIOBANU
_____

[The **DEFENDANT** is who you are suing. Put _ONE_ name on this line. List _ALL_ defendants below, including this one.]

Case Number 2:23 CV 164 _____

[For a new case in this court, leave blank.
The court will assign a case number.]

[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is _VERY IMPORTANT_ that you include it on _everything_ you send to the court for this case. _DO NOT_ send more than one copy of anything to the court.]

# CIVIL COMPLAINT

| # | Defendant's Name and Job Title | Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.]<br>ANDREA CIOBANU | 902 EAST 66TH, STREET<br>INDIANAPOLIS, IN. 46220 |
| 2 | [Put the names of any other defendants in these boxes.] | |
| 3 | | |

[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and address of each defendant _in a separate box_ as shown here.]

1. How many defendants are you suing? ____1____

2. What is your address? 3556 Lloyd DR. OAKLAND PARK FL. 33309 _____

3. What is your telephone number: ( 847 ) 571.1946 _____

4. Have you ever sued anyone for these exact same claims?

   ☑ No.

   ◯ Yes, attached is a copy of the final judgment _OR_ an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

[_DO NOT_ write in the margins or on the back of any pages. Attach additional pages if necessary.]

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how these events happened.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include the names of minors, social security numbers, or dates of birth.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. MALPRACTICE. THESE CLAIMS ARE RISING FROM THE CONCEALMENT OF EVIDENCE IN CAUSE 2:20-CV-00196

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

(INAND Rev. 1/21)

Claims and Facts (continued)

_____

_____

_____

_____

_____

_____

**PRIOR LAWSUITS** – Have you ever sued anyone for this exact same event?

☑ No

☐ Yes, attached is a copy of the final judgment OR an additional sheet listing the court,
    case number, file date, judgment date, and result of the previous case(s).

KB                              ORDER 346

**RELIEF** – If you win this case, what do you want the court to order the defendant to do?

_____

    THIS IS A DEFAMATION CLAIM. THE PLAINTIFF WISHES TO BE MADE WHOLE

_____

_____

_____

**FILING FEE** – Are you paying the filing fee?

☑ Yes, I am paying the $402.00 filing fee. I understand that I am responsible to notify the
    defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the
    clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.*]

◯ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the
    defendant about this case.

[*Initial Each Statement*]

**KB**    I will keep a copy of this complaint for my records.

**KB**    I will promptly notify the court of any change of address.

**KB**    I declare **under penalty of perjury** that the statements in this complaint are true.

                                                          MAY 11, 2023
_____          _____
Signature                                  Date

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

**-FILED-**

MAY 1 5 2023

At _____ M
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KATHY BROWNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Defendants | ) |
| | ) |
| ANDREA CIOBANU | ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Kathy Browne (Hereinafter plaintiff) pursuant to IC

26-1-3-1-307 complaining of her former council, Andrea Ciobanu's breach of fiduciary

duty. These claims are rising from the concealment of evidence in Cause No. 2:20-

cv-00196 which resulted in the dismissal of the plaintiffs claims and the award of the

counter plaintiff's motion for summary judgement on March 27, 2023.

## FACTUAL ALLEGATIONS

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

[DE 72] On January 15, 2021 the Defendant, Anna Hearn's motion to extend discovery was denied for failure to comply with L.R. 6.1(b)(3)(C). Andrea Ciobanu supported the defendant while she withheld relevant evidence [DE 73]. **EXHIBIT G.**

On March 22, 2022 after the plaintiff questioned Andrea Ciobanu why she suppressed Anna Hearn's documents she silenced her through enforcing Anna Hearn's settlement agreement. **EXHIBIT S**

On October 26, 2022 Andrea Ciobanu violated the plaintiffs First Amendment rights and their attorney client privilege when she divulged portions of their emails to enforce an unconscionable settlement agreement between the plaintiff and Anna Hearn. **EXHIBT R.**

After concealing the defendants relevant documents, Andrea Ciobanu withdrew from the plaintiffs case on March 25, 2022. On April 5, 2022 Andrea Ciobanu deposited the plaintiffs settlement check without the plaintiffs signature and without filing an attorney lien. Nine months later, on December 3, 2022 Andrea Ciobanu filed a lien for $14,556.00. **EXHIBIT P.**

The plaintiff paid Andrea Ciobanu in full. The plaintiff asserts, on March 28, 2022 the defendants council, Ed Clinton mailed Andrea Ciobanu the plaintiffs settlement check in return for her agreeing withholding the defendants evidence while the Supreme Court investigated Cause No 20S-DI-00628. [DE 117]. *ID* **EXHIBIT J.**

It was proven Anna Hearn worked with the press to spin the false narrative the plaintiff was served notice to appear at the October 17, 2019 protective order hearing and she refused to go. It was further proven the plaintiff was not served notice to appear at the hearing.

The plaintiff asserts she filed her defamation lawsuit against Anna Hearn to clear her name of slander. The settlement agreement initiated by Andrea Ciobanu was obtained through her misrepresentations on January 27, 2022. Andrea Ciobanu misrepresented to the plaintiff Anna Hearn was immune to her claims and her conversations with Steve Kobitz were not incriminating. The settlement agreement places the plaintiff in a worst position than before she hired Andrea Ciobanu as she is unable to clear her name of slander. **EXHIBIT A**

In such cases, the party bringing the action has an election of remedies: "he may stand upon the contract and seek damages, or rescind the contract, return any benefits he may have received, and seek a return to the status quo ante." A.G. Edwards and Sons, Inc. v. Hilligoss, 597 N.E.2d 1, 3 (Ind. Ct. App. 1991); see also Farm Bureau Mut. Ins. Co. of Ind. v. Seal, 134 Ind. App. 269, 179 N.E.2d 760, 763-64 (1962) (quoting Automobile Underwriters, Inc. v. Rich, 222 Ind. 384, 53 N.E.2d 775, 777 (1944) ("He can keep what

he has received and file suit against the ones perpetrating the fraud and recover such amounts as will make the settlement an honest one.")).

Without the plaintiff's knowledge Andrea Ciobanu dismissed the City of Valparaiso from the plaintiff's IIED and False light claim. It has been alleged, after she dismissed the City of Valparaiso Andrea Ciobanu accepted a payment. Claim No. FMW5068.

Andrea Ciobana told the plaintiff there was room to appeal the dismissal of the City of Valparaiso, however she is not an appellate lawyer, therefore she was unable to do the appeal herself. Andrea Ciobanu began referring the plaintiff to appellate lawyers in Indianapolis and continued her charade without notifying the plaintiff it was her who dismissed the city from her lawsuit. By knowingly lying to her client, Andrea Ciobanu deviated from the standard of care and duties imposed upon her by the plaintiff's employment. **EXHIBIT B**.

The plaintiff sustained damages due to Andrea Ciobanu's negligence, suppression of evidence, her intentional misrepresentations, her failure to serve subpoenas, her failure to depose witnesses and her failure to obtain affidavits.

Statute of Limitations Legal malpractice claims in Indiana are subject to a two-year statute of limitations. Indiana's legal malpractice statute of limitations is an accrual statute, which requires that the court compute the period of time for commencing an action under the specific circumstances of each case. See 22A Indiana practice series §

39.1 (2007). Andrea Ciobanu represented the plaintiff from May 13, 2020 to March 25, 2022.

Estate of Spry v. Batey, 804 N.E.2d 250, 252 (Ind.Ct.App.2004), trans. denied; Ind. Code §34-11-2-3. Indiana's legal malpractice statute of limitations is an accrual statute, which requires that the court compute the period of time for commencing an action under the specific circumstances of each case. A cause of action for legal malpractice generally accrues when a wrongfully inflicted injury causes damage. Keep v. Noble County Dept. of Public Welfare, 696 N.E.2d 422, 425 (Ind. Ct. App. 1998), trans. denied. The rules of professional conduct can be admitted as evidence of a breach of the standard of conduct. Liggett, 877 N.E.2d at 187 n.6 (Boehm, concurring).

## JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. Defendant, Andrea Ciobanu is an individual and resides in Indianapolis, Indiana.

3. Kathy Browne is an individual, and at the time the acts and omissions occurred the undersign was a resident of Richmond, Virginia.

4. Venue is proper under Under 28 U.S.C. § 1332, in that the acts and omissions of the Defendant giving rise to this action occurred in Hammond, Indiana. A case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State.

---

## NEGLIGENCE

---

## II. STANDARD OF CARE AND BREACH

A cause of action in Indiana for professional malpractice against an attorney arises out of the implied understanding in the engagement that the attorney will employ that degree of skill ordinarily exercised by the profession generally. Rice v. Strunk, 670 N.E.2d 1280, 1283-84 (Ind. 1986). In addition to the requirement that a lawyer is obliged to represent his or her client zealously within the framework of the law, an attorney is required to exercise the knowledge, skill, and ability ordinarily possessed and exercised by similarly situated members of the legal profession.

the plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

On October 5, 2019 the plaintiff was criminally charged for distribution of an intimate image. On January 15, 2020 the crimnal charges and protective order were dismissed against the plaintiff, however it was printed in the Chicago Tribune and the Indiana Times.

On February 18, 2020 the plaintiff hired Andrea Ciobanu to represent her in a civil rights and defamation case. After the plaintiff filed her lawsuit against the defendant's Jennifer Waldo and Anna Hearn came to Richmond, Va. and accused the plaintiff of the same crime. On October 5, 2020 the charges in Richmond, Va. were dismissed against the plaintiff and the Common Wealth Court of Virginia granted the plaintiff a protective order against Jennifer Waldo for cyberstalking.

The plaintiff hired Andrea Ciobanu to depose the defendants, and to obtain foresics the ESI data from the defendants cell phones as well as defend her against Jennifer Waldo's cross claim. The plaintiffs legal cost to defend herself amounted to $65.000.00.

In August 2021 Pro digital Foresics examined the plaintiffs original cell phone. The ESI data proved the plaintiff did not create the Bumble account the defendants accused her of making. The plaintiff's text messages in their native format prove she did not send Jennifer Waldo the text message stating, "She heard someone was sending her photo's to her children's school." .

After the plaintiff's deposition, on November 21, 2021 Andrea Cioubanu requested the plaintiff hire Data Recovery to perform a foresics exam on the defendant's

cell phones during their deposition. The plaintiff paid Data Recovery $5,000 to appear at the defendants December 1, 2021 deposition and to retrieve the ESI from their cell phones. **EXHIBIT H.**

On December 1, 2021 Andrea Ciobanu failed to serve the defendants subpoenas. As a result the plaintiff was unable to obtain the defendants ESI which proved fatal to her case. *ID* **EXHIBIT C.**

The defendants council Larry Evan's noted, Andrea Ciobanu failed to serve the subpoenas within 30 days, and she did not comply with the Fed. Civ. Rules. As a result, the defendants refused to complete their depositions and the plaintiff's forensic expert was unable to perform a foresics analysis on their cell phones.

1. On December 3, 2021 Andrea Ciobanu conspired with the defendants to withhold Anna Hearn's evidence from the plaintiff. [DE 120]. **EXHIBIT M**

2. In her motion for the protective order Anna Hearn's council, Ed Clinton stated he did not want the plaintiff to have Hearn's documents [DE 117].

3. [DE 71] January 14, 2021 Anna Hearn withheld relevant documents for nearly two years.

4. [DE 72] January 15, 2021 Anna Hearn's motion to extend discovery was denied for failure to comply with L.R. 6.1(b)(3)(C). Andrea Ciobanu delayed filing the

plaintiff's motion to compel, and supported the defendant while she withheld relevant evidence.

5. Andrea Ciobanu failed to serve the defendants subpoenas during their depositions.

6. On January 7, 2022 Andrea Ciobanu filed the plaintiff's motion to compel. On August 3, 2022 the motion to compel was denied for failure to certify, this proved fatal to the plaintiff's case.  [DE 249]. **Exhibit F**

7. Andrea Ciobanu failed to dispute the inaccuracies in Jennifer Waldo's foresics report and court testimony.

8. Andrea Cioubanu deposed Brian Oller on February 10, 2022 then destroyed the plaintiff's exhibit used during his deposition which supported the her claim. See **BRIAN OLLER DEPOSITION AND PLAINTIFF EXHIBIT 1.**

9. Andrea Ciobanu's subpoenas to the Chicago Tribune failed for it's deficiencies. **EXHIBIT L**

10. Andrea Ciobanu did not depose Jerry Davich which proved fatal to the plaintiffs case.

11. Andrea Ciobanu misrepresented to the plaintiff Anna Hearn was immune to her claims and her conversations with Sergeant Kobitz were not incriminating to her. **ID Exhibit A.**

12. Andrea Ciobanu Failed to correct court error. **Exhibit M.**

13. Failed to defend the plaintiff in the cross claim. Anna Hearn admitted during her deposition the plaintiff's ex-boyfriend, RaferWeigel hacked into her email account. **Exhibit- Anna Hearn's deposition pg. 70-72.**

Plaintiff is entitled to relief pursuant to IC 34-11-5-1 Concealing cause of action The defendants suppressed evidence later revealed Anna Hearn committed fraud upon the court to obtain the protective order and the oral agreement against the plaintiff. Andrea Ciobanu violated ND. Ind. L.R. 83-6.2(B)

For two years, Andrea Ciobanu assisted Ed Clinton in the concealment of evidence while charging the plaintiff her exorbitant legal fees. Pursuant to IC 34-11-5-1

A plaintiff may recover against a negligent professional "only if there is privity of contract or if the negligent professional had actual knowledge that the plaintiff would be affected by the representations made." Keybank National Association v. Shipley, 846 N.E.2d 290, 297 (Ind. Ct. App. 2006), trans. denied (quoting Walker v. Lawson, 514 N.E.2d 629, 632 (Ind. Ct. App. 1987), adopted in part by 526 N.E.2d 968 (Ind. 1988)).

Concealing cause of action upon the defendants. If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action. Pursuant to IC 34-11- 2-7,1 the discovery rule is applicable. Reasor v. Putnam County, 615 N.E.2d 131, 138 n. 1 (Ind. Ct. App. 1993), vacated on other grounds, 635 N.E.2d 153 (Ind. 1994), reh. denied,

Pursuant to IC 34-11-5-1 It is well settled, If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action. Gates v. Riley ex rel. Riley, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000)

Andrea Ciobanu's negligence cost the plaintiff $17,000 for depositions and foresics exam. The plaintiffs forensics report prove she did not send Jennifer Waldo threatening text messages, or the September 11, 2019 email. See Foresics report and AFF.

As a result of Andrea Ciobanu's misconduct the plaintiff was unable to prove the defendant's cross claim and the plaintiff's claims were dismissed. The plaintiff paid her council 65,000 to obtain relevant evidence, through her council negligence the plaintiff was financially damage.

Rice v. Strunk, 670 N.E.2d 1280, 1283-84 (Ind. 1986). A lawyer is obliged to represent his or her client zealously within the framework of the law, an attorney is required to exercise the knowledge, skill, and ability ordinarily possessed and exercised by similarly situated members of the legal profession. The plaintiff relied on her council

to her detriment, and sustained emotional distress and Economic Losses due to Andrea Ciobanu withholding evidence.

Plaintiff proved Jennifer Waldo obtained the protective order through perjury, and Anna Hearn committed fraud upon the court to obtain the protective order and oral agreement. Fraud Exhibit.

1. Anna Hearn's March 11, 2020 Rule to show cause. *ID* **EXHIBT A**

2. Jennifer Waldo court testimony cause no. [64D05-1909-P0-8995 RW v JW pg. 81.¶9]

3. Jennifer Waldo v Kathy Browne cause [64D05-1909-PO-8994 pg. 26 ¶ 9] prove she committed perjury to obtain the plaintiff's arrest warrant and the protective order. **EXHIBIT Y**

4. Jennifer Waldo's Richmond, Va. police report.

5. Jennifer Waldo filed a cross claim against the plaintiff, accusing her of slandering her to news reporter Jerry Davich. The plaintiff denied contacting news reporter Jerry Davich. **A. Jerry Davich denied having any contact with the plaintiff.**

6. Andrea Ciobanu did not depose Jerry Davich, she did not get his affidavit. Her subpoenas failed as they were deficient. As a result of Andrea Ciobanu's negligence the plaintiff was unable to prove the cross claim. See Chicago Tribune letter and subpoena. EXHIBIT

The text messages Jennifer Waldo produced to the Valparaiso police in 2019 are absent from her foresics report she submitted into evidence on February 10, 2022.

**Andrea Ciobanu failed to dispute the inaccuracies in Jennifer Waldo's foresics report and court testimony. EXIBIT**

Rice v. Strunk, 670 N.E.2d 1280, 1283-84 (Ind. 1986). In addition to the requirement that a lawyer is obliged to represent his or her client zealously within the framework of the law, an attorney is required to exercise the knowledge, skill, and ability ordinarily possessed and exercised by similarly situated members of the legal profession.

## III. PROXIMATE CAUSE

"Proximate cause requires that there be a reasonable connection between the defendant's allegedly negligent conduct and the plaintiff's damages. Proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct." Gates v. Riley ex rel. Riley, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000) (citations omitted).

## BACKGROUND

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint

contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

On May 13, 2020, the plaintiff filed her Complaint against Defendants Anna Hearn, Jennifer Waldo, the City of Valparaiso and Sergeant Stephen Kobitz pursuant to 42 U.S.C. § 1985 Conspiracy to interfere with civil rights.

The plaintiff is a published author with an online social media presence who uses online services as a method to sell her books. In 2017, Waldo began contacting the plaintiff via social media, which turned into harassment. On October 5, 2020 cause No. GC20014090-00 the state of Virginia granted the plaintiff a protective order against Jennifer Waldo for cyberstalking her.

In her complaint the plaintiff alleged that Waldo began posting derogatory, misleading, and false comments with the intention to interfere with the sale of Browne's books. As a result of Waldo's alleged interference and improper comments, the plaintiff removed her books from Amazon, Apple, and iTunes due to slander.

The plaintiff alleged on or around September 27th, 2019 a warrant was wrongfully issued for her arrest for the distribution of intimate photos. The plaintiff explained to Sergeant Kobitz that Waldo had been stalking her and her friends and she had already contacted police about the harassment. The plaintiff alleged that Waldo requested the undersign send Waldo her intimate photo in an effort to entrap the plaintiff and lie as a false basis for the criminal charge.

Jennifer Waldo briefly dated the plaintiff's ex-boyfriend thanked the defendant after she sent her photo's to her, then confirmed "now she has all she needs." The plaintiff stated Jennifer Waldo requested the plaintiff send her photo's to her and after she sent the intimate photo's Waldo made a false report with the police.

Through litigation the plaintiff discovered on December 5, 2019 and March 11, 2022 Anna Hearn made misrepresentations to the court to enforce the protective order and to obtain the oral agreement between Jennifer Waldo and the plaintiff.

The plaintiff alleged the Valparaiso police intentionally failed to investigate the Bumble account, and intentionally failed to interview individuals that would support the plaintiffs position.

The plaintiff alleged Hearn, is an attorney and maintained a friendship with Waldo. Plaintiff alleged that Hearn improperly used her connections as an attorney to influence the decision to issue to obtain a protective order.

The plaintiff alleged after Anna Hearn learned that Brian Oller was attempting to contact the investigating officer, Hearn contacted Brian Oller, a potential witness, and made false representations to Brian Oller about the plaintiff, and as a means to intimidate him from testifying.

Hearn represented Waldo in a protective order initiated against the plaintiff. The plaintiff alleged that Hearn and Waldo only obtained the protective order against the plaintiff as an attempt to harass her, and cause her financial harm. The plaintiff alleged Hearn knowingly made misrepresentations to media outlets about the protective order

proceedings and knew that the allegations Waldo made against her were false at the time that Waldo pursued the protective order.

The plaintiff further alleged that Waldo also obtained the plaintiff's intimate photos and video of of her without her authorization, which Waldo then threatened to disclose to third parties with the intent to harass, intimidate, threaten, and coerce the plaintiff and to cause her financial injury. See David Mueller AFF,

The plaintiff alleged that Waldo shared her intimate photo with Hearn without her authorization. Hearn and/or Waldo had the intimate images of the plaintiff enlarged. The defendant/counter plaintiff Jennifer Waldo accused the plaintiff of posting her intimate photo's to Bumble's dating app.

In the courtroom Anna Hearn improperly displayed her intimate images to several individuals in the courtroom even though these images had no relevance to the protective order proceedings and were never used as an exhibit.

On May 15, 2020 Hearn and Waldo traveled together to the State of Virginia to file an additional protective order against the plaintiff based on the same circumstances of the protective order filed in Indiana after the Indiana protective order was dismissed with prejudice by agreement by the parties. Cause. GC20014090-00

The plaintiff alleged that Hearn, Kobitz, and Waldo had an agreement amongst each other to work against Browne so that they could perpetuate their agenda, gain an advantage over her, including, but not limited to, emotionally, legally, and financially.

In her Amended Complaint, the plaintiff plead a (1) Fourteenth Amendment Violation of Due Process Pursuant to Section 1983 against Valparaiso and Sergeant Kobitz, (2) 42 U.S.C § 1985 Conspiracy to Interfere with Civil Rights against Valparaiso, Hearn, Waldo, and Sergeant Kobitz, (3) Making False or Misleading Statements in Support of a Probable Cause Affidavit Pursuant to Section 1983 against Valparaiso and Sergeant Kobitz, (4) False Arrest against Valparaiso, (5) Malicious Prosecution against Hearn, Waldo, and Valparaiso, (6) Defamation against Waldo, (7) Defamation Per Se against Waldo, (8) Slander against Hearn and Waldo, (9) Slander Per Se against Hearn and Waldo, (10) Intentional Infliction of Emotional Distress against Hearn, Waldo, and Valparaiso, (11) Negligent Infliction of Emotional Distress against Hearn and Waldo, (12) False Light against Hearn, Waldo, and Valparaiso, (13) Disclosure of Nonconsensual Pornography Pursuant to I.C. § 34-21.5-3-1 against Hearn and Waldo, (14) Class of One Pursuant to Section 1983 against Valparaiso and Sergeant Kobitz, (15) Abuse of Process against Waldo, (16) Crime Victim Statute Pursuant to I.C. §§ 34-24-3-1 and 34-24-3-3, (16) and Tortious Interference with a Business Relationship against Waldo.

## I. ATTORNEY-CLIENT RELATIONSHIP

No particular formality is necessary to establish an attorney-client relationship in Indiana. The relationship need not be express; it may be implied from the conduct of the parties. An attorney-client relationship exists when an attorney advises others as to their legal rights, a method to be pursued, the forum to be selected, and the practice to be

followed for the enforcement of their rights. The rendering of legal advice and legal services by an attorney and the client's subsequent reliance on the advice and services are therefore the benchmarks of an attorney-client relationship. In Indiana, a plaintiff in a legal malpractice action must prove: (1) employment of an attorney (duty); (2) failure by the attorney to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and, (4) loss to client (damages). Worth v. Tamarack American, a Division of Great American Ins. Co., 47 F. Supp.2d 1087 (S.D. Ind. 1999)

## II. AFFIRMATIVE DEFENSES

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

The plaintiff's foresics report proved the defendant's lied and made a false narrative to have the plaintiff arrested. **EXHIBIT Q.**

Through her own court testimony, deposition and police reports, Jennifer Waldo's cross claims were easily refutable. During her deposition, Jennifer Waldo admitted the plaintiff's ex boyfriend, Rafer Weigel wanted her to harm, harass and disseminate the plaintiff's intimate photo to David Mueller. Jennifer Waldo's foresics report and court

testimony prove Jennifer Waldo assisted Rafer Weigel in the harassment against the

plaintiff. David Mueller. AFF

1.  Jennifer Waldo committed perjury Cause No. [64D05-1909-PO-8994 PG. 26 ¶ 9].

2.  Jennifer Waldo committed perjury Cause No. [64D05-1909-PO-8995 pg. 81. ¶9]

3.  Jennifer Waldo committed perjury in her Richmond, Va. Police report.

4.  David Mueller AFF.

5.  Jennifer Waldo's interrogatory and deposition.

---

## CROSS CLAIM

---

1.  Waldo complained the plaintiff contacted Tribune news reporter Jerry Davich, and
    slandered her.

    **The Chicago Tribune confirmed the plaintiff did not contact Jerry Davich.**

    **Exhibit-Chicago Tribune letter. EXHIBIT C.**

2.  Waldo complained the plaintiff breached the oral agreement. Andrea Ciobanu
    failed to demonstrate the agreement was obtained through fraud.

    **The agreement was obtained through Fraud. EXHIBIT A.**

3. Waldo complained the plaintiff posted her intimate photo's to a dating app placing her in false light. **EXHIBIT Q.**

4. Waldo complained the plaintiff sent her intimate photos to her without her permission.  Waldo's court testimony and police report changed several times.

5. Waldo claimed the plaintiff sent her threatening emails on September 11, 2019. Anna Hearn admitted Rafer Weigel stated her hacked into the plaintiffs email and social media accounts. Jennifer Waldo admitted to having a friend who dealt in hacking.

### III. PROXIMATE CAUSE

"Proximate cause requires that there be a reasonable connection between the defendant's allegedly negligent conduct and the plaintiff's damages. Proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct." Gates v. Riley ex rel. Riley, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000) (citations omitted).

Proximate cause is primarily a question of fact to be determined by the jury. e a claim of spoliation of evidence.  For example, proof of an intentional fraud will support an award of emotional distress damages. Knauf Fiber Glass, GmbH v. Stein, 615 N.E.2d 115, 127 (Ind. Ct. App. 1993). In Indiana, attorney's fees are recoverable only when authorized by statute or contract. They are not recoverable in common law tort claims such as malpractice.

## **MISREPRESENTATIONS**

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

On January 26, 2022 Andrea Ciobanu misrepresented to the plaintiff Anna Hearn's evidence under seal and her conversations with Sergeant Kobitz were not incriminating to her. Based on her councils advise, the plaintiff agreed to settle her claims with Anna Hearn on February 3, 2022 for 22,500. The plaintiff relied on her council to her detriment. The Plaintiff asserts after she agreed to settle, she learned Hearn was not immune, and Andrea Cioubanu misrepresented the facts to limit Anna Hearn's liability.

The Supreme Court ruled actual knowledge of falsity vitiates qualified privilege for communicating with law enforcement in defamation action); Delta Tau Delta, Beta Alpha Chapter v. Johnson 712 N.E.2d 968, 974 (Ind. 1999)

On December 5, 2019 and March 11, 2020 Anna Hearn misrepresented to the court and the press the plaintiff was properly served to appear at the October 17, 2019 hearing and she refused to come. On December 4, 2019 Sergeant Kobitz sent Anna Hearn an email confirming he did not notify the plaintiff to appear at the October 17, 2019 hearing. On January 26, 2022 Andrea Ciobanu misrepresented to the plaintiff, Anna Hearn is a lawyer and immune to her claims.

**Kobitz email and Anna Hearn's Rule to show cause   EXHIBIT A**

In October 2022 Andrea Ciobanu enforced the settlement agreement by turning over their private emails. By breaching their attorney client privilege, Andrea Cioubanu profited 14,559.00 enforcing the unconscionable agreement.

## C.  Malicious Prosecution

"The essence of malicious prosecution rests on the notion that the plaintiff has been improperly subjected to legal process." Crosson v. Berry, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). Although traditionally intended to provide recourse to criminal defendants who have been wrongfully charged, malicious prosecution is also available to those who allege that civil proceedings have been maliciously initiated against them. The crux of attorney liability for malicious prosecution is premised upon a finding that the attorney acted for some purpose other than aiding his client in securing a proper adjudication of his claim.

1.  Andrea Ciobanu made a deal with Ed Clinton to conceal Anna Hearn's evidence. **EXHIBIT F.** video Ed Clinton emailed to Andrea Ciobanu.

2.  Andrea Cioubanu deposed Brian Oller on February 10, 2022 and intentionally destroyed the plaintiffs exhibit that proved she did not contact the Chicago. **EXHIBIT D**.

On February 10, 2022 Andrea Ciobanu deposed Brian Oller. The plaintiff provided Andrea Ciobanu with her recorded conversation with Brian Oller who confirmed he spoke to the attorney general, the Chicago Tribune news reporter Jerry Davich  and the nursing board regarding Jennifer Waldo. (The plaintiff needed this testimony to disprove Jennifer Waldo's cross claim.) Andrea Ciobanu used the plaintiff's recording as an exhibit during brian Oller's deposition. **EXHIBIT D**

When the plaintiff ordered Brian Oller's transcripts for purposes of summary judgement she discovered her council intentionally deleted her exhibit from Brian Oller's deposition. **EXHIBIT D**

A. **See Brian Oller's deposition and the plaintiff's exhibit deleted from his deposition.**

B. **Brian Oller and Andy Keyres were unaware of Anna Hearn's protective order [DE 117].**

The plaintiff was unable to prove her cross claim and Jennifer Waldo's motion for summary judgement was granted March 27, 2023. Andrea Ciobanu intentionally destroyed the plaintiffs exhibit to harm her case.

## IV. DAMAGES

In Indiana, the client is entitled to be restored to the position he or she would have been in had the professional negligence not occurred. Consequently, the measure of damages in a legal malpractice case is the value of the plaintiff's lost claim.  Indiana

courts recognize compensatory damages for mental anguish unaccompanied by physical injury in tort actions involving intentional conduct. Proof of an intentional fraud will support an award of emotional distress damages. Knauf Fiber Glass, GmbH v. Stein, 615 N.E.2d 115, 127 (Ind. Ct. App. 1993).

Punitive damages may be awarded in a minority of legal malpractice cases in which there is evidence of intentional misconduct, or cases that involve fraud or malice. Additionally, Indiana has a special statute awarding treble damages for cases involving attorney "deceit." "An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding" may be liable in a civil action for damages. Ind. Code § 33-43-1-8.

1. Andrea Cioubanu intentionally withheld the defendants evidence while the Supreme Court investigated Anna Hearn's claims. The plaintiff was entitled to this evidence as it proved her conspiracy claims between Waldo, Kobitz and Hearn.

2. The plaintiff suffered significant financial injury due to Andrea Ciobanu's abuse during discovery and legal cost.

3. The plaintiff was denied residency at Coral Ridge Towers because of her name being slandered. This loss of real estate cost the plaintiff 275.000.00.

## VI. CLAIMS OTHER THAN MALPRACTICE

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

In Indiana, legal malpractice claims are governed by tort principles regardless of whether they are brought as a tort or a breach of contract, so breach of contract does not provide an alternative theory of recovery if based upon the same conduct giving rise to the claim of malpractice. See, e.g., Shideler v. Dwyer, 417 N.E.2d 281, 285-88 (Ind. 1981). Nevertheless, other theories of tort recovery remain independently viable.

In 2004, the attorney deceit statute was recodified at Indiana Code Section 33-43-1-8 and provides:(a) An attorney who is guilty of deceit or collusion, or consents to deceit or collusion, with intent to deceive a court, judge, or party to an action or judicial proceeding commits a Class B misdemeanor.(b) A person who is injured by a violation of subsection (a) may bring a civil action for treble damages.

## A. Fraud

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

A claim for fraud consists of the following elements: (1) a material representation by the defendant to the plaintiff of past or existing facts, (2) which representation is false, (3) was made with knowledge, or reckless ignorance, of the falsity by the defendant, (4) reliance by the plaintiff upon the representation, and (5) damages to the plaintiff. The hallmark of any fraud claim is the false representation. An attorney "may be held liable for actual fraud committed within the context of the attorney-client relationship, or generally." Sanders v. Townsend, 582 N.E.2d 355, 358 (Ind. 1991).

Andrea Ciobanu relied on misdirecting the plaintiff to confuse her.

A. Andrea Cioubanu intentionally misrepresented Anna Hearn's conversations with Sergeant Kobitz were not incriminating to her. Plaintiff relies on Michael Siegel v. Marjorie Williams.

**B. Breach of Fiduciary Duty**

The breach of a fiduciary duty can constitute malpractice. Additionally, Indiana case law recognizes that transactions entered into during the existence of a fiduciary relationship are presumptively invalid as the product of undue influence. Transactions between an attorney and client are presumed to be fraudulent, so that the attorney has the burden of proving the fairness and honesty thereof.

> The plaintiff paid Andrea Ciobanu 65,000 to litigate. On March 25, 2022 Andrea
>
> Cioubanu withdrew from the plaintiff's case with pending deadlines. The plaintiff
>
> was not financially able to retain new council.

Punitive damages may be awarded in a minority of legal malpractice cases in which there

is evidence of intentional misconduct, or cases that involve fraud or malice. Additionally,

Indiana has a special statute awarding treble damages for cases involving attorney

"deceit." "An attorney who is guilty of deceit or collusion, or consents to deceit or

collusion, with intent to deceive a court, judge, or party to an action or judicial

proceeding" may be liable in a civil action for damages. Ind. Code § 33-43-1-8.


1. [DE 267] The plaintiff further asserts Andrea Ciobanu violated their attorney

client privilege on May 6, 2022 when she submitted their private emails to the

court to enforce an unconscionable settlement. Indiana Code 26-1-2-302.


2. [DE 271] Andrea Ciobanu did not submit the plaintiff's emails in their entirety,

and intentionally left out emails that prove the plaintiff did not want to settle her

case for 22,500. The plaintiff told her council she heard Anna Hearn would pay

her the settlement. As it turned out, Andrea Ciobanu benefited 14,559.30 from the

plaintiffs 22,5000 settlement.

3. On March 24, 2022 Andrea Ciobanu told the plaintiff she had to sign the settlement agreement, then she withdrew from her case. On March 25, 2022 Andrea Ciobanu's motion to withdraw was granted. The plaintiff was left to litigate during pending deadlines. **EXHIBIT H.**

The statutes of Indiana provide that "an action for relief against frauds shall be commenced within six years," and that "if any person liable to an action shall conceal the fact from the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" Burks v. Rushmore, 534 N.E.2d 1101, 1105 (Ind. 1989).

## COUNT 1- FRAUD IN THE INDUCEMENT

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

On January 27, 2022 Ciobanu misrepresented material facts to the undersign then fraudulently induced the undersign into settling her claim by making such statements as,

"Hearn has immunity from her claims" and "Hearn's evidence was not incriminating to her."

    A.  Andrea Cioubanu and Ed Clinton agreed to withhold a video of Hearn and Kobitz conversations.

    B.  Ed Clinton told Ciobanu "these messages should be produced. They are innocuous, and they dont help Browne." See exhibit.

Michael Siegel v. Marjorie Williams Regardless, rather than an action to set aside the prior agreed judgment, we view the Williamses' complaint as they do, an action for fraud in the inducement of the settlement agreement.

In such cases, the party bringing the action has an election of remedies: "he may stand upon the contract and seek damages, or rescind the contract, return any benefits he may have received, and seek a return to the status quo ante." A.G.

Edwards and Sons, Inc. v. Hilligoss, 597 N.E.2d 1, 3 (Ind. Ct. App. 1991); see also Farm Bureau Mut. Ins. Co. of Ind. v. Seal, 134 Ind. App. 269, 179 N.E.2d 760, 763-64 (1962) (quoting Automobile Underwriters, Inc. v. Rich, 222 Ind. 384, 53 N.E.2d 775, 777 (1944) ("He can keep what he has received and file suit against the ones perpetrating the fraud and recover such amounts as will make the settlement an honest one.")).

Fraudulent Concealment is an equitable doctrine which operates as a bar to . . . a claim when the defendant by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim. Doe v. Shults-Lewis Child &

Family Servs., 718 N.E.2d 738, 744 (Ind. 1999). The doctrine is available to the plaintiff when the defendant "has either by deception or by violation of a duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action. Id. at 744-45. (quoting Fager v. Hundt, 610 N.E.2d 24, 25 (Ind. 1993). "When this occurs, equity will toll the statue of limitations until the equitable grounds cease to exist to operate as a reason for delay." Doe, 718 N.E.2d at 745.

The undersign further asserts she sustained unnecessary legal cost due to the defendants withhold relevant evidence while they forced her to litigate irrelevant issues such as her medical records, and vaccination status.

1. Ciobanu intentionally delayed submitting the motion to compel which was later denied.

2. On January 15, 2021 Cause No. 2:20-cv-00196, [DE 72] the defendants failed to comply with L.R. 6.1(b) (c) 3.

3. Anna Hearn, Ed Clinton and Andrea Ciobanu withheld relevant evidence from Browne and the courts which prevented justice.

4. Dismissed the City of Valparaiso from the undersigns claims without her knowledge.

5. Failed to respond to several court decisions requiring the undersigned response

6. Failed to correct court error

7.  Andrea Ciobanu cashed the undersigns settlement check without her knowledge or signature. **EXHIBIT J.**

Andrea Cioubanu conspired with the defendant to withhold relevant documents in exchange for the undersigns 22,500 settlement payment, then induced her into settling her claims. Under Indiana law, the three elements of a breach of contract claim are (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages suffered as a result. Bible v. United Student Aid Funds, Inc., 799 F.

A.  The plaintiffs case was dismissed, and Jennifer Waldo was granted her motion for summary judgement.

## COUNT 3  - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Andrea Ciobanu used the undersigns medical records to inflict emotional distress upon her. Andrea Ciobanu refused to curtail the subpoena for her medical records. Andrea Ciobanu intentionally did this to torment the undersign. The undersigned was forced to

prove her vaccination status, and other irrelevant matters which were irrelevant to her claims.

Andrea used the undersigns medical records to create unnecessary litigation. Andrea procrastinated to file rule 37 and she failed to properly execute the subpoena for the defendants cell phones during their depositions on December 1, 2022.

Andrea Cioubanu knew the undersign was seeing a therapist for post traumatic stress due to the underlying case.

As a result of Andrea Ciobanu's deceptive actions the undersigned incurred additional litigation cost, and extreme mental anguish.

On December 2, 2021 Ciobanu, Hearn and Clinton agreed to conceal Hearn's incriminating evidence which supported the undersign claims. The defendants concealed this evidence in their efforts to deprive the undersigned from her legal rights and to hide Hearn's false swearing on December 5, 2019 and March 11, 2019.

A plaintiff may bring a claim of negligent infliction of emotional distress under the modified impact rule if the plaintiff, having suffered a direct impact by the negligence of another, also sustains an emotional trauma "which is serious in nature and of a kind and extent normally expected to occur in a reasonable person…" *Shuamber v. Henderson,* 579 N.E.2d 452, 456 (Ind. 1991).

Indiana courts recognize an exception to the general rule and award compensatory damages for mental anguish unaccompanied by physical injury in tort actions involving intentional conduct. Id. The intentional conduct exception applies where the tort involves

32 of 40

the invasion of a legal right which by its very nature is likely to provoke an emotional

disturbance. Arlington State Bank v. Colvin, 545 N.E.2d 572, 576 (Ind. Ct. App. 1989).

For example, proof of an intentional fraud will support an award of emotional distress

damages. Knauf Fiber Glass, GmbH v. Stein, 615 N.E.2d 115, 127 (Ind. Ct. App. 1993).

## COUNT 5 DECEPTIVE BILLING UNJUST ENRICHMENT

The plaintiff incorporates by reference the preceding paragraphs of this complaint

as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint

contains a factual allegations section, pleaded with sufficient factual matter, which

demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Andrea Ciobanu charged the undersign twice for depositions she prepaid for on

October 13, 2022 as well as other transactions that did not occur.

Williams v. Consolvo. Where a person with full knowledge of the facts voluntarily pays a

demand unjustly made upon him, though attempted or threatened to be enforced by

proceedings, he is not entitled to recover back the money paid. On February 23, 2023

DKT. No. 335 the Court granted Andrea Ciobanu her equitable charging lien in the

amount of $14,559.94 to be dispersed from the plaintiffs 22,500.00 settlement.

The plaintiff asserts, the invoices Andrea Ciobanu presented to the court are duplicate charges. The plaintiff further asserts she has a binding agreement with Andrea Ciobanu. On October 13, 2021 Andrea Ciobanu confirmed in her email to plaintiff, \$12,000 would cover the cost of the upcoming depositions and discovery. On October 13, 2021 the plaintiff prepaid Andrea Ciobanu 12,000 for the depositions, and discovery.

[DE199 at 51, at 52 and at 53] On January 18, 2022 Andrea Ciobanu recharged the plaintiff 8,484.30 for the depositions she prepaid for on October 13, 2021. (Invoice #5050)

[DE 319] On January 18, 2022 the plaintiff paid Andrea Ciobanu \$8,484.30 for the same depositions and driving cost to Valparaiso.

[DE 319] On January 20, 2022 after the plaintiff noticed her invoice contained duplicate charges, she brought this to Andrea Ciobanu's attention. (Part of their retention agreement states, the plaintiff should notify her if there are billing discrepancies within 30 days of the invoice.)

On February 3, 2022 Andrea Ciobanu sent the plaintiff an email stating she owed another her 5,000 for the depositions. After the undersign discussed their previous cost of 12,000, Andrea Ciobanu threatened to quit working for the plaintiff if she did not immediately pay her 10, 243.83 for the depositions and an advance fee. [DE 199]

On April 4, 2022 Andrea Cioubanu was not the attorney of record and she did not file an attorney lien when she deposited the plaintiffs's settlement check into her account

on April 7, 2022 without the plaintiff's signature. Andrea Ciobana misrepresented facts, then divulged the plaintiffs confidential emails for her financial gain. In December 2022 Andrea Ciobanu filed her attorney lien.

[DE 319] The plaintiff asserts she has a binding agreement with Andrea Ciobanu who confirmed with the plaintiff, "$12,000 as an advance fee  would cover the cost of the upcoming depositions and discovery. The plaintiff has honored their agreement and paid her in full. Further, Andrea Ciobanu did not complete the defendants depositions, and she took long breaks during their depositions to work on other cases that were irrelevant to hers. Due to a breach of duty, an attorney may forfeit fees that he accrued or may even be disgorged of fees that he has already received. See Hazard & Hodes, § 8.21

Historically charging lien attached to judgments rendered in favor of the client. The Plaintiff asserts the settlement was not rendered in her favor, and Andrea Cioubanu caused her further damage. This is a defamation case, as a result of Andrea Ciobanu misrepresentation's the plaintiff is unable to clear her name of slander. The plaintiff paid Andrea Cioubanu a total of $65,000 and agreed to settle for $22,500. On February 23, 2023 Andrea Ciobanu was granted $14,559.00. The plaintiff loss nearly $55,000.

ABA Rule 1.5  (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following: (4) the amount involved and the results obtained; (8) whether the fee is fixed or contingent.

Indiana, still limits statutory charging liens to judgments entered by a court. See

Ind. Code Ann. § 33-43-4-1 (West); see also State Farm Mut. Auto. Ins. Co. v. Ken Nunn

Law Office, 977 N.E.2d 971, 975-76 (Ind. Ct. App. 2012). Because charging liens are

equitable remedies, the courts may not recognize them if the attorney either abandons the

matter or is discharged for cause or misconduct.

[DE 147] On March 22, 2022 after the plaintiff questioned Andrea Cioubanu's

misrepresentations, Andrea Cioubanu withdrew from her case. After her untimely

withdraw, the plaintiff made additional discoveries demonstrating that Andrea Ciobanu

withheld relevant evidence from the plaintiff. See DKT No. 319 at 13,  14 and 15.

See DKT. 319 at 8.

On April 7, 2022 Andrea Ciobanu sent the plaintiff an email stating she deposited

the settlement check due to attorney lien. Andrea Ciobanu was not the attorney of record,

and she did not file a lien with the court.  [DE 301] Nearly seven months later, on

December 28, 2022, Andrea Ciobanu filed a notice of equitable attorney's lien for

$14,559.94.

[DE326] The Plaintiff entered into a settlement agreement based on Andrea

Ciobanu's misrepresentations,  "the defendant was immune to her claims." **EXHIBIT K.**

Andrea Ciobanu broke their attorney client privilege when she hand selected their

private emails and released them in [DE 282] to enforce the settlement agreement.

## CRIME VICTIM STATUTE PURSUANT TO I.C. §§ 34-24-3-1 and 34-24-3-3

The plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Mr. Back is entitled to relief. Fed. R. Civ. P. 8(a)(2).

The plaintiff's former council actively conspired which the defendants to conceal relevant evidence from the plaintiff. It was proven Anna Hearn actively worked with the press to spin Jennifer Waldo's false narrative. As a result of Andrea Cioubanu's intentionally actions the plaintiff has suffered mental anguish.

A person who suffers a pecuniary loss after being the victim of certain crimes to bring a civil action against the person who caused the loss for "(1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.

## DESIGNATED EVIDENCE

1. See Anna Hearn's Rule to show cause. Exhibit

2. Sergeant Kobitz email to Anna Hearn

3. Text messages between Kobitz and Anna Hearn

4. Andrea Cioubanu January 2022 emails to the plaintiff.

5. Common Wealth of Virginia v Jennifer Waldo Case NO. 761GM200003373.

6. November 30, 2021 deposition pg. 79 Anna Hearn admitted Rafer Weigel hacked into the plaintiff's email account.

7. RW v JW pg. 91 Jennifer Waldo testified she figured out the password to get into the Bumble account.

8. Andrea Ciobanu failed to serve the defendants subpoenas during their depositions. As a result, the plaintiff's foresics expert was unable to obtain critical evidence.

9. [DE 125] Andrea Ciobanu's motion to compel filed January 7, 2022 was denied for failure to certify [DE 249] August 18, 2022. The discovery period closed.

10. [DE 120] On December 03, 2021 Andrea Ciobanu made the misrepresentation the plaintiff did not want to respond to Anna Hearn's motion for the protective order

11. Andrea Ciobanu's motion to compel was denied on August 8, 2022 for failure to certify. This proved fatal to the plaintiff's case.

12. Plaintiffs foresics report

13. Brian Oller's deposition

14. Letter from the Chicago Tribune.

15. Subpoenas

16. Forensics report

17. Oral Agreement

## **ARGUMENT**

Andrea Ciobanu abused the discovery process, concealed evidence from the plaintiff and financially benefited from her own negligence. As a result of Andrea

Cioubanu's gross negligence the plaintiff has sustained damages and she is in a worst position now than before hiring Andrea Ciobanu to litigate her case. By engaging in the willful, wonton, and criminal conduct, Waldo is liable to Browne for compensatory, punitive, and treble damages and reimbursement of attorney's fees as set forth in §§ Ind. Codes 34-24-3-1 and 34-24-3-3.

## PRAYER FOR RELIEF

The plaintiff prays that a judgment be entered on her behalf and against Andrea Ciobanu:

A. Awards actual and compensatory damages to plaintiff, including reasonable attorney's fees and any and all litigation costs incurred in this matter under 42 U.S.C. § 3613, 29 U.S.C. § 794a, and/or to the fullest extent of these laws and any all other applicable Constitutional violations; B. Awards any and all other relief as this Court deems just and proper;

## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE the plaintiff prays for judgment against Andrea Ciobanu in amount sufficient to compensate her for her attorneys' fees, for statutory damages, for punitive damages, treble damages and for injunctive relief and for all other just and

proper relief. Jury Demand.

May 11, 2023  Respectfully Submitted,

Kathy Browne

3556 Lloyd DR. Oakland Park,
Florida 33309
kathybrowne28@yahoo.com
847.571.1946