**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KATHY BROWNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:23 -cv- 00164 |
| v. ) | |
| ) | -FILED- |
| Defendants ) | SEP 17 2024 |
| ) | At_____ M |
| ANDREA CIOBANA. ) | Chanda J. Berta, Clerk |
| | U.S. DISTRICT COURT |
| | NORTHERN DISTRICT OF INDIANA |

## **VERIFIED ENTRY FOR DEFAULT**

Comes now Plaintiff, Kathy Browne (Hereinafter plaintiff ) applies for the entry of default against defendant, Andrea Ciobanu for failure to defend against claims [DE 79] and for failure to respond within 21 days of plaintiff's August 20, 2024 pleading damages.

Defendant's claims that plaintiff's claims are by collateral estoppel and the Doctrine of Res Judicata fail as a matter of law. The grant of counter/plaintiff's motion for summary judgment is a new claim, which has never been litigated. Defendant failed to defend herself [DE 14], [DE 15], and [DE 84].

_____

Plaintiff request this Court take judicial notice of Cause No. 2:20-cv-n00196 [DE 285], [DE 346] & [DE 470]. Fed. R. Evid. 201. Defendant's exhibits cause 2:23 -cv- 00164  [DE 15 at 1-10] do not include [DE 285], [DE 346].

Plaintiff has averred her claims were not ripe when she initially filed her lawsuit as litigation continued in cause 2:20-cv-00196 [DE 1]. After counter/ plaintiff dismissed her lawsuit [DE 470], plaintiff requested leave of court to amend her complaint. Plaintiff amended her complaint [DE 79] to include counter/ plaintiff's fraudulent documents she used to prosecute plaintiff with [DE 24 at 4] and [DE 393 at 13] and defendants November 16, 2022 misrepresentations [DE 285]. Defendant misrepresented to the court, "there was no fraud or misrepresentation," then she withdrew from the in camera hearing depriving plaintiff of her right to be heard.

A party against whom the issue had been resolved must have had, first, a 'full and fair opportunity' to litigate the issue in the previous suit . . . and, second, a meaningful opportunity to appeal the resolution of the issue." DeGuelle v. Camilli, 724 F.3d 933, 935 (7th Cir. 2013) (citations omitted). In support of plaintiff's entry for default plaintiff states as follows:

1. Plaintiff filed her claims May 15, 2023 and served upon Andrea Ciobanu May 26, 2023 [DE 4].

2. [DE 1 at pg. 1] Defendant breached her fiduciary duty in cause 2:20- cv-00196 which resulted in the dismissal of her claims and the award of the counter/ plaintiff's motion for summary judgement on March 27, 2023. Defendant failed to defend herself.

3. Defendant failed to defend against plaintiffs claim, "defendant accepted a payment from the City of Valparaiso after she dismissed plaintiff's claims, case No. FMW5068.[DE 6 at #22]. This claim has not been litigated and defendant has failed to defend.

4. [DE 6 at 1]Defendant failed to defend she withheld relevant documents which caused the success of counter/plaintiffs motion for summary judgment.

5. [DE 6 at #41] Defendant missed the October 13, 2020 deadline to amend plaintiff's complaint to include, the state of Va. granted plaintiff a protective order against counter/plaintiff. Counter/plaintiff committed perjury and fraud to obtain crimnal charges against plaintiff and counter/plaintiff was prosecuted in Richmond, Va. plaintiff's claims were meritorious. Defendant failed to defendant plaintiff in the cross claim. Defendant failed to defend and respond to this claim.

6. August 23, 2023 [DE 14] & [DE 15] defendant, Andrea Ciobanu filed motion to dismiss for failure to state a claim. "'Failure to state a claim' is a recognized defense, but it is not an affirmative defense because it does not assume the allegations of the complaint are true and then articulate a separate reason why the defendant is not liable." McDowell v. Carroll County, 2015 WL 2131606, at *2 (N.D. Ind. May 7, 2015) (striking the failure to state a claim affirmative defense because the defendants failed to explain how the plaintiff failed to state a claim, but rather, provided a bare bone legal assertion); see also Cottle v. Falcon Holdings Mgmt., LLC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) (striking the failure to state a claim affirmative defense because the defendant did not provide any allegation showing how the plaintiff failed to state a claim.

7. [DE 15 at pg. 9] Defendants Motion to Dismiss she did not explain how plaintiff failed to state a claim, defendant stated, "Browne's allegations against Ciobanu can be bucketed into four categories." This defense is an insufficient, bare bone legal assertion. McDowell, 2015 WL 2131606, at *2.

8. Defendant failed to defend that she was not the cause of the success of counter/plaintiffs motion for summary judgement, rather she failed to defend the claim[DE 1].

9. In Indiana, the client is entitled to be restored to the position he or she would have been in had the professional negligence not occurred. Knauf Fiber Glass, GmbH v. Stein, 615 N.E..2d 115, 127 (Ind. Ct. App. 1993). Plaintiff sustained permanent damage to her reputation due to Andrea Ciobanu's negligence, misrepresentations and by her omitting their emails and breaching attorney client privilege cause 2:20-cv-00196 [DE 270] & [DE 285].

10. Plaintiff sustained a claim for negligence due to defendant missing the October 13, 2020 deadline to amend plaintiff's. Defendant failed include the positive outcome of the Virginia trial. Defendant failed to include fraud and perjury as a claim 2:20-cv-00196 [DE 22 at 5]. Defendant suspended counter plaintiffs deposition then, failed to respond to opposing councils phone calls and emails cause 2:20-cv-00196 [DE 129] Defendant failed to respond and defend herself against this claim.

11. Indiana supports a negligence claim the plaintiff-client must show: "(1) employment of the attorney (the duty); (2) failure of the attorney to exercise ordinary skill and knowledge (the breach); (3) proximate cause (causation); and (4) loss to the plaintiff (damages)." CRIT Corp. v. Wilkinson, 92 N.E.3d 662, 669 (Ind. Ct. App. 2018). Defendant missed the deadline to amend plaintiffs claims to include, October 5, 2020 counter/plaintiff was prosecuted in Va. Counter/plaintiff voluntarily dismissed her 2nd protective order. Counter/ plaintiff lied to obtain criminal charges against plaintiff. The state of Va. granted

plaintiff a protective order against counter/plaintiff. Plaintiff would have won her case. Plaintiff sufficiently plead her claim for negligence.

12. [DE 77] This Court granted plaintiff's motion for leave to file a single motion to amend her complaint with the entirety of the proposed amended pleading attached as a separate document. Plaintiff's identified her her legal claim against defendant for breach of contract and failure to performance. Collateral estoppel bars does not bar plaintiff from litigating new facts [DE 285].

13. Plaintiff sufficiently plead her amended her complaint June 17, 2024 [DE 79]. Plaintiff's claims include  IC Code § 34-11-2-9 breach of contract and failure to specific performance. Defendant failed to defend against the specific failure to performance claim.

14. July 22, 2024 [DE 84 pg.25] rather than answering plaintiff's amended complaint, defendant improperly requested the Court deny plaintiff's Motion for Leave to Amend Complaint, and grant her Motion to Dismiss.

15. A motion to dismiss for failure to state a claim should be granted only if the party asserting the claim is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Ashcroft v. Iqbal, 556 U.S. 662, 678- 79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 556 U.S. at 667. Further, the Court must accept all well-pleaded facts as true and draw reasonable inferences in plaintiff's favor. Tamayo, 526 F.3d at 1081.

16. Plaintiffs amended complaint [DE 79] defendant failed to defend, #13 Defendant neglected to include counter/plaintiff and Anna Hearn violated IC 35-44.1-2-3 false reporting statute to have plaintiff arrested. [DE 6 at 94-98] which was not litigated.

17. Pleading special damages [DE 86]. Cause 2:20-cv-00196 [DE 285] defendant reappeared in plaintiff's case and participated in plaintiffs wrongful prosecution which resulted in special damages. Defendant failed to respond and defend against plaintiff's August 20, 2024 pleading for special damages. Defendant can sustain a claim for malicious prosecution. Defendant made misrepresentations [DE 285] which resulted in her prosecution. Under Indiana law, "'the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action. institute the action; and (4) the original action was terminated in the plaintiff's favor.'" Ledford v. Rutledge, 2018 WL 4216820, at *6 (N.D. Ind. Sept. 4, 2018) Counter/plaintiff dismissed her protective orders. All crimnal charges were dismissed against plaintiff. Counter/plaintiff dismissed her lawsuit which constitutes as favorbile. Defendant failed to respond and defend [DE 86 at 1-6 ].

18. Plaintiffs amended complaint, #17 defendant failed to defend "defendant breached their contractual agreement January 18, 2021 [DE 73] when she agreed to withhold Anna Hearn's relevant documents"

19. Defendant failed to defend  #17 "[DE 6 at 2-31] January 18, 2020 defendant conspired and withheld Anna Hearn's exhibit 5 which included the Bumble account and Anna Hearn's conversations with officer Kobitz."

20. Defendant concealed material evidence which resulted in the dismissal of plaintiff's Federal claims February 01, 2021. [DE 6 at 1-109]

21. August 20, 2024 [DE 86]  plaintiff filed for specials damages and served upon defendant. Defendant failed to respond within 21 days of being served.

22. September 13, 2024 defendant filed her motion to strike [DE 88]. This is twenty four days past the responsive pleading deadline of 21 days, therefore it should be denied. Under Fed. Civil Rule 12(a)(1) a defendant must serve an answer within 21 days after being served a pleading.

23. Defendant failed to plead/defend against plaintiff's claims [DE 86]: (a) defendant neglected to amend plaintiffs claims to include fraud and perjury. (B) [DE 285] Defendant misrepresented there was no fraud, duress, coercion, or misrepresentation, or any of the other allegations." (C) "Browne was in

agreement with the designation of "attorneys eyes only," and was aware that Ciobanu intended to use them should this matter proceed to trial. (D) "Ciobanu also confirmed with Browne that there was no protective order." [DE 285 at 7].

24. After defendant breached attorney client privilege and omitted emails [DE 270] she took away plaintiff's ability to restore her name by enforcing the settlement agreement [DE 285] which resulted in plaintiff's damages. A court may conclude that opinion work product is not immune if it contains inculpatory evidence of the attorney's own illegal or fraudulent activities. *Cf. United States v. Nixon,* 418 U.S. 683, 709-13, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The type of proceeding in which discovery is sought is a relevant consideration, *In re Grand Jury Proceedings,* 473 F.2d 840, 849 (8th Cir. 1973), as is the nature of and necessity for the desired material.

25. Plaintiff is unable to restore of name of a sex crime after defendant made misrepresentations to enforce Anna Hearn's settlement agreement [DE 285]. Plaintiff sustained life long psychological injuries and mental anguish due to defendants negligence and misrepresentations.

26. Cause 2:20 -cv-00196 [DE 76] pg. 15. Defendant was negligent when she failed to respond to the court order. This failure to do her due diligence caused the dismissal of the undersigns malicious prosecution claims.

27. Federal civil  55(a) provides "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." [DE 79] Defendant failed to defend herself and defendant failed to respond to plaintiff's pleading special damages [DE 86].

Pursuant of defaults and default judgments. See Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co., 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a).

WHEREFORE, because defendant failed to respond within 21 days of plaintiff's August 20, 2024  pleading special damages, plaintiff applies for entry of default against Andrea Ciobanu and for all just and proper relief.

## VERIFICATION

I am over eighteen years of age, have personal knowledge regarding all

matters contained in this application, am competent to testify to all matters

contained in this application and I declare under the penalties of perjury that the

forgoing statements are true and correct.

Respectfully Submitted September 16, 2024,

s/s Kathy Browne

3556 Lloyd Drive Oakland Park,

Fl 33309

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon

counsel of record Amanda Mulroney  via United States First Class mail, postage

pre-paid, this 16, day of  September 2024. I further certify that to the best of my

knowledge, information, and belief the above statements are true.

Envelop(

Recycle m(

XN JOTA

TRK#
0201    7786 1786 9930

ORIGIN ID:HWOA    (847) 571-1946
KATHY BROUNIE

3556 LLOYD DR

FORT LAUDERDALE, FL 33309
UNITED STATES US

TO NORTHERN DISTRICT OF INDIANNA
ATTN: CLERKS OFFICE
5400 FEDERAL PLAZA
STE 2300
HAMMOND IN 46320
(219) 882-6600

SHIP DATE: 16SEP24
ACTWGT: 0.25 LB
CAD: 6570900/R05A2550

REF:

DEPT:

INV:

PO#:

TUE — 17 SEP 10:30A
PRIORITY OVERNIGHT

REL#
3765346

E
FedEx
Express

J243024071301#us

46320
IN—US    ORD

Align top of FedEx Express® shipping label here.

Part # 152297-435 RADB2 EXP 08/25

E3N6/63P/2TE8S