# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

*-FILED-*
*OCT 0 1 2024*
At _____
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KATHY BROWNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:23 -cv- 00164 |
| v. | ) |
| | ) |
| Defendants | ) |
| | ) |
| ANDREA CIOBANA. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

Comes Now, plaintiff Kathy Browne (Hereinafter plaintiff ) pursuant to Fed. Rule 55(a). There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). "In between entry of default and entry of default judgment, a defaulted party may move to set aside the entry of default, and Rule 55(c) [of the Federal Rules of Civil Procedure] provides that the court may grant such a motion 'for good cause.'" McCarthy v. Fuller, No. 1:08-cv-994-WTL-DML, 2009 WL 3617740, at *1 (S.D. Ind. Oct. 29, 2009).

Plaintiff filed and served defendant her special damages under Fed. Civil 9(g) August 20, 2024 [DE 86]. Defendant filed her motion to strike September 13, 2024 [DE 88]. Pursuant to Fed. Rule 12(f) motion to strike must be filed within 21 days of a pleading. Defendants motion strike should be denied as it was filed 4 days past the deadline. Plaintiff filed motion for default judgment September 17, 2024 [DE 90]. Defendant failed to provide an affirmative defense as to why she is not liable for plaintiffs damages.

May 15, 2023 [DE 1] plaintiff filed her complaint. June 5, 2023 [DE 6] plaintiff amended her complaint. August 24, 2023 [DE 15] defendant filed motion to dismiss for failure to state a claim. Failure to state a claim is not an affirmative defense. Defendants meritless claims that plaintiff's claims are barred by the Doctrine of res judicata fail as a matter of law. Plaintiff's claims have not been litigated. Due to the pending litigation in cause 2:20-cv-00196 plaintiff voluntarily dismissed her claims without prejudice against defendant February 21, 2023 cause 2:22-CV-368 [DE 38]. Plaintiff's dismissal was with the stipulation the dismissal shall not have any affect on her malpractice claims [DE 27]. Plaintiff filed this malpractice lawsuit against defendant after counter/plaintiff's motion for summary judgment was granted March 27, 2023 [DE 346].

When a case against a party is over, if that party was dismissed without prejudice "a similar case may be filed in the future." Schering-Plough Healthcare Prod., Inc. v. Schwarz Pharma, Inc., 586 F.3d 500, 506 (7th Cir. 2009).

While failure to state a claim is a defense, defendant failed to state why she is not liable for plaintiff's damages. A meritorious defense is a defense that "at least raises a serious question regarding the propriety of a default and which is supported by a . . . legal and factual basis." Standard Ins. Co. v. Cole, No. 1:04-cv-1207-JDT-TAB, 2005 WL 4882772, at *3 (S.D. Ind. Aug.19, 2005) (quoting Jones v. Phipps, 39 F.3d 158, 165 (7th Cir.1984) (involving a Rule 60(b) motion).

Defendant failed to answer to plaintiff's complaint in it's entirety at [DE 6 at #7], [DE 6 at #22], [DE 6 at # 41], [DE 6 at # 65]. August 20, 2024 [DE 86] plaintiff filed her pleading for special damages and served upon defendant August 20, 2024. To this day defendant has not filed her affirmative defense, therefore plaintiff motions the court for a judgement against defendant for breach of fiduciary duty, breach of contract and negligence for the following reasons:

## I. NEGLIGENCE

1. Defendant represented plaintiff in Cause 2:20-cv-00196 from February 15, 2020 until she withdrew March 22, 2022. Discovery closed February 10, 2022. Defendant is liable for failing to disclose relevant discovery and for neglecting plaintiff's case.

2. Defendant failed to respond to counter/plaintiff's complaint cause 2:20-cv-00196 [DE 38]. As a result, counter/plaintiff filed a default judgment against plaintiff. Defendants motion to set aside the judgement was granted [DE 45]. Defendant should have filed under Fed. Rule 60(b) for fraud. As a result of defendants negligence plaintiff was forced to take time off from work to litigate after defendant withdrew from her case March 22, 2024. Had defendant amended plaintiff's complaint October 13, 2020 [DE 22 at #5] to include counter/plaintiff committed perjury and fraud, the default judgment would have been dismissed and plaintiff would have proven her claims.

3. Defendant breached her duty of care when she suspended counter/plaintiffs deposition, then failed to return the opposing councils phone calls [DE 137]. This caused prejudice as plaintiff's foresics expert was unable to perform a foresics examine of counter/plaintiff's cell phone during her deposition.

4. Defendant should have included perjury and fraud as part of plaintiff's complaint. This claim would have proved plaintiff's claims for malicious prosecution. October 17, 2019 Counter/plaintiff committed perjury in Porter County Superior Court to obtain the protective order in Indiana. Counter/plaintiff committed perjury when she filed a false report in Virginia to obtain crimnal charges.

5. Defendant failed to respond to court order [DE 76]. Plaintiff would have sustained her claim for malicious prosecution. October 5, 2020 counter/plaintiff dismissed her second protective order. The criminal charges in Virginia were dismissed against plaintiff and plaintiff was granted a protective order against counter/plaintiff. the original action was terminated in plaintiff's favor." Welton v. Anderson, 770 F.3d 670, 674 (7th Cir. 2014).

6. Defendant withheld relevant evidence for defendant which caused the dismissal of plaintiff's claims, see cause 2:20-cv-00196 [DE 73], [DE 117] & [DE 120].

7. After deposing Brian Oller's February 10, 2022 defendant failed to include plaintiff's audio recording as an exhibit. See [DE 1 at 2 pg.46].

8. Defendant delayed filing the motion to compel until January 7, 2022. This caused prejudice as plaintiff's foresics expert was unable to do a foresics examine of defendants cell phones. Counter/plaintiff's discovery was inconsistent with her foresics report.

9. Defendant failed to disclose Anna Hearn's relevant emails which caused prejudice [DE 222 at 11]. Anna Hearn made false statements to the press, alleging plaintiff was notified to appear in court and failed to show up.

10. Defendant neglected to file plaintiffs relevant affidavits which supported her claims. *See affidavits.*

11. Defendant withheld the Bumble account. Counter/plaintiff accessed the Bumble account with her cell phone at 10:17 am, 7:36 pm and 11:54 pm. During the Rafer Weigel hearing pg. 91 -93 counter/plaintiff admitted she figured out how to access the Bumble account. This evidence was significant as it proved counter/plaintiff made the Bumble account and falsely accused plaintiff of a crime. See cause 2;20-cv-00196 [433 at 1 pg. 1-12].

12. Defendant failed to timely file defendants the subpoenas during their depositions, as a result counter/plaintiff refused to turn over her cell phone.

13. Defendant breached attourney client privilege [DE 270], then omitted plaintiff's March 15, 2022 email. This email was relevant as it proved plaintiff did not agree to the terms of Anna Hearn's settlement agreement. Cause 2:20-cv-00196 [DE 211 at 1 pg.5]. A court may conclude that opinion work product is not immune if it contains inculpatory evidence of the attorney's own illegal or fraudulent activities. Cf. United States v. Nixon, 418 U.S. 683, 709-13, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The type of proceeding in which discovery is sought is a relevant consideration, In re Grand Jury Proceedings, 473 F.2d 840, 849 (8th Cir. 1973), as is the nature of and necessity for the desired material.

14. Cause 2:20-cv-00196 [DE 285] defendant misrepresented "there was no fraud, coercion, or misrepresentation. This caused prejudice as plaintiff was forced to to litigate counter/plaintiffs oral agreement [DE 222 at 18]. Counter/Plaintiff prosecuted plaintiff with the fraudulent agreement [DE 232 at 8]. A year later she dismissed her frivolous lawsuit [DE 470].

15. Because plaintiff was falsely accused of a crime and defendant enforced a settlement agreement which does not allow her to restore her name of the crime, plaintiff sustained damage to her reputations and she is seeking special damages. *See Robert Browne's affidavit and letter from Coral Ridge Towers.*

16. Defendant's excuse that she did not return opposing councils phone calls because "different sets of attourney are not present now." Was meritless and irrelevant [DE 137 at #2]. She dismissed "the different sets of attorney's" from plaintiff's lawsuit the previous year [DE 76].

17. [DE 6 at #22] Defendant did not deny plaintiff's claim, defendant accepted a payment from the city of Valparaiso after she dismissed plaintiff's claims, therefore the court must accept it as true.

18. [DE 129 at #1 & #6] On September 14, 2020, counter/plaintiff's council served defendant with her Rule 26(a)(1) Initial Disclosures. In addition to identifying documents, Waldo provided, in PDF format, 1070 pages of documents, which included text messages, social media posts, emails, etc. relevant to this claim. Defendant failed to disclose relevant documents and exculpatory evidence, thereby she breached their contractual agreement.

## II. LIABILITY

Defendant represented plaintiff for two years in her civil rights and defamation case cause 2:20-cv-00196. Plaintiffs intention was to clear her name of slander. Cause 2:20-cv-00196 [DE 285] defendant made misrepresentations to enforce Anna Hearn's settlement agreement which prevents plaintiff from restoring her name. Plaintiff is in a much worst situation than before she hired defendant.

Part of plaintiff's claims is defendant failed to amend her complaint and failed to defend her in the cross claim [DE 6 at 41]. Counter/plaintiff committed perjury to obtain her protective orders and crimnal charges. Counter/plaintiff voluntarily dismissed both protective order against plaintiff. Defendant failed to disclose relevant discovery and breached the terms of their contractual agreement [DE 73].

Defendant's failure to do her due diligence caused plaintiff mental anguish, see medical records. Defendants failure to meet and confer with opposing councils caused plaintiff prejudice. At the very least, defendant should have amended plaintiff's complaint. Had defendant filed under Fed. Civ. Rule 60(b) Plaintiff would not have been subjected to 4 years of costly litigation. Counter/plaintiff committed perjury to obtain her protective orders and crimnal charges.

An "attorney in-attentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Easley v. Kirmsee, 382 F.3d 693, 698 (CA7 2004). For this reason, "Missing a filing deadline because of slumber is fatal." In re Plunkett, 82 F.3d 738, 742 (CA7 1996). Defendant failed to present any meritorious defense to plaintiff's claims. The Seventh Circuit has "consistently held that such a general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense." Wehrs, 688 F.3d at 891.

Plaintiff sustained financial damage to her 401k, she lost time from work to litigate and her reputation is damaged. This is solely due to defendants negligence. Defendant claims no liability to this cause of action, however she is responsible for plaintiff's damage as she represented her for more than two years, until discovery closed, see cause 2:20-cv-00196 [DE 471 at 4]. Defendant breached the terms of their contractual agreement and caused plaintiff mental anguish when she reappeared in court to enforce Anna Hearn's settlement agreement.

Defendant does not have a defense to support her negligence and inactions in cause 2:20-cv-00196. A claimed meritorious defense "must at least 'raise a serious question regarding the propriety of a default judgment and be supported by

a developed legal and factual basis.'" Id. at 890 (cleaned up), quoting Jones v. Phipps, 39 F.3d 158, 165 (CA7 1994). "[A] meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" Pretzel & Stouffer v. Imperial Adjusters, 28 F.3d 42, 46 (CA7 1994).

Plaintiff has plead sufficient facts to establish that 'but for' the negligence of the attorney, the client would have successfully defended the underlying suit" (quotation omitted));

Pro se pleadings are to be liberally construed. See Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004), citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000) (pro se pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

WHEREFORE, plaintiff respectfully requests this court grant her judgement in her favor and hereby demands a trial by jury of all issues so triable and for all other just and proper relief.

Respectfully Submitted September 28, 2024,
s/s Kathy Browne
3556 Lloyd Drive Oakland Park,

Fl 33309

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record Amanda Mulroney via United States First Class mail, postage pre-paid, this 28, day of September 2024. I further certify that to the best of my knowledge, information, and belief the above statements are true.